**Sharon E. SIMMONS, Appellant,**

v.

**FRICK COMPANY, et al., Appellees.**

**No. 02–5025.**

United States Court of Appeals, District of Columbia Circuit.

April 11, 2003.

Before HENDERSON, RANDOLPH, and ROGERS, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. It is

ORDERED AND ADJUDGED that the district court's orders be affirmed as to the remaining appellees, George M. Chuzi and the Frick Company. On July 5, 2002, this court granted the federal appellees' motion for summary affirmance of the district court's September 13, 2001 order. In so ruling, this court affirmed the district court's determination that appellant's allegations of undue influence did not justify setting aside the 1998 settlement agreement. This court's decision is law of the case and thus compels the same result with respect to the claim of undue influence against Chuzi because the factual allegations underlying this claim are the same as those against the federal appellees. *See Taylor v. FDIC,* 132 F.3d 753, 761 (D.C.Cir.1997). To the extent the complaint states a claim of fraud against Chuzi, that matter also was decided by this court's July 5, 2002 order, which deter-

mined that the complaint failed to allege fraud adequately. With respect to the claim of legal malpractice, the district court correctly determined that appellant failed to state a claim. *See Mills v. Cooter,* 647 A.2d 1118 (D.C.1994). Even assuming that the complaint stated a claim for malpractice, the district court properly determined Chuzi would have been entitled to summary judgment based on appellant's failure to present expert testimony to establish the elements of her claim. *See id.* at 1123.

With respect to the claims against the Frick Company, appellant's brief has acknowledged that in order to prevail, the 1998 settlement agreement must be set aside. Because the district court properly determined there is no basis for setting that agreement aside, the district court's order of November 23, 2001, dismissing the complaint against the Frick Company, is affirmed.

Finally, in her reply briefs, appellant also contends that the district court failed to review all the issues alleged in the complaint, namely, improper threat, involuntariness, and economic duress; however, she has presented no argument in support of this contention even were we to depart from the rule that arguments will not be considered when raised for the first time in a reply brief. *See Kimberlin v. United States Dep't of Justice,* 318 F.3d 228, 232 n. 4 (D.C.Cir.2003).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.